3:23 CV-201
#3
15 BH/BSC
No Fee /IFP

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Pennsylvania |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| Mark Allen Prinkey | CP-05-CR-242-2007 |

| Place of Confinement: SCI-Laurel Highlands | Prisoner No.: |
|---|---|
| 5706 Glades Pike, P.O. Box 631,Somerset,Pa 15501 | MT-8991 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. |
| Mark Allen Prinkey | Superintent Miss Hains Worth |

| The Attorney General of the State of: Pennsylvania | FILED |
|---|---|

## PETITION

FILED
AUG 30 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Bedford County Courthouse

200 S. Juliana Street

Bedford, Pa 15522

(b) Criminal docket or case number (if you know): CP-05-CR-0000242-2007

2.  (a) Date of the judgment of conviction (if you know): April 28, 2008

(b) Date of sentencing: September 2, 2008

3.  Length of sentence: 10yrs to 25yrs

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

Criminal Attempt § 901, Involuntary Deviate Sexual Intercourse § 3123 (b)

Criminal Attempt § 901, Indecent Assault § 3126 (a)(7)

Corruption of Minors § 6301 (a)

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty    ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty    ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Pennsylvania |
|---|---|

| Name (under which you were convicted): Mark Allen Prinkey | Docket or Case No.: CP-05-CR-242-2007 |
|---|---|

| Place of Confinement: SCI-Laurel Highlands 5706 Glades Pike, P.O. Box 631, Somerset, Pa 15501 | Prisoner No.: MT-8991 |
|---|---|

Petitioner (include the name under which you were convicted)        Respondent (authorized person having custody of petitioner)

v.

Mark Allen Prinkey                    Superintent Miss Hains Worth

The Attorney General of the State of:  Pennsylvania

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Bedford County Courthouse

   200 S. Juliana Street

   Bedford, Pa 15522

   (b) Criminal docket or case number (if you know):  CP-05-CR-0000242-2007

2. (a) Date of the judgment of conviction (if you know):  April 28, 2008

   (b) Date of sentencing:  September 2, 2008

3. Length of sentence:  10yrs to 25yrs

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes    ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Criminal Attempt § 901, Involuntary Deviate Sexual Intercourse § 3123 (b)

   Criminal Attempt § 901, Indecent Assault § 3126 (a)(7)

   Corruption of Minors § 6301 (a)

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: <u>Superior Court of Pennsylvania in Pittsburgh</u>

(b) Docket or case number (if you know): <u>181 WDA 2009</u>

(c) Result: <u>affirm</u>

(d) Date of result (if you know): <u>October 15, 2010</u>

(e) Citation to the case (if you know): _____

(f) Grounds raised: <u>(1) Whether the Commonwealth presented insufficient evidence</u>
<u>to support a conviction, there by warranting an arrest of judgment.</u>
<u>(2) Whether the verdict issued by the jury is against the weight of the</u>
<u>evidence, justifying a new trial. (3) Whether the Commonwealth failed to</u>
<u>establish by clear and convincing evidence that defendant was a sexually</u>
<u>violent predator.</u>

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Bedford County Courthouse

(2) Docket or case number (if you know):    CP-05-CR-242-2007

(3) Date of filing (if you know):    11/22/2010

(4) Nature of the proceeding:    PCRA Petition Hearing

(5) Grounds raised:    (1) Whether the PCRA court erred by not reinstating the
appellants direct appeal rights due to counsel on direct appeal waiving
the main issues on direct appeal which were (a): sufficiency of the
evidence; and (b) whether the trial court erred in admitting the
appellant's inculpatory statement at trial prior to the commonwealth
proving the corpus delecti for each crime charged. (2) Whether the
issue of sufficiency of the evidence and failure of the commonwealth
to establish the corpus delecti prior to admitting appellant's
inculpatory statements have arguable merit.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result:    4/11/2012  Order denying Post-Sentence-Motion

AO 241 (Rev. 09/17)

(8) Date of result (if you know): __April 11, 2012, order PCRA is denied.__

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: __Superior Court of Pennsylvania in Pittsburgh__

(2) Docket or case number (if you know): __777 WDA 2012__

(3) Date of filing (if you know): · ~~5/10/2012~~ __August 30, 2013__

(4) Nature of the proceeding: __Appeal,affirm in part,reverse in part__

(5) Grounds raised: __(1) Whether PCRA relief should have been granted because__
__appellate counsel on direct appeal was ineffective for waiving all of__
__the key issues on appeal and whether as a result of said ineffective__
__appellant's direct appealshould be reinstated? The issues waived on__
__appeal are as follows:(a) The verdict of guilty as to each count was__
__against the weight of the evidence;(b) The verdict of guilty as to__
__each count was insufficient;(c) The defendant's statement was used__
__against him despite the failure of the Commonwealth to prove a corpus__

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result: __Post-Sentence Motion__

(8) Date of result (if you know): __Trial Court denied on May 8, 2014__

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __Superior Court of Pennsylvania in Pittsburgh__

(2) Docket or case number (if you know): __925 WDA 2014__

(3) Date of filing (if you know): __July 28, 2015__

(4) Nature of the proceeding: __Appeal__

(5) Grounds raised: __(1) Whether the Appellant's 25-year mandatory sentence was__
__an illegal mandatory sentence because it was not sought after nor__
__imposed at the first sentencing?,(2) Whether the commonwealth is barred__
__from seeking a mandatory sentence at a second sentencing when notice__
~~of intent to seek the mandatory was not given at the first sentencing~~
__(3) Whether the appellant's 25-year mandatory sentence was an illegal__
~~sentence pursuant to the statute in effect at the time of sentencing~~
~~and pursuant to the Alleyne line of cases?~~

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result:  The Superior Court affirmed the judgment of sentence.

(8) Date of result (if you know):  July 28, 2015

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:   ☒ Yes    ☐ No

(3) Third petition:    ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:  On resentencing,the petitioner wasn't given the opportunity to speak to the court before the actual announcement of the sentence. The defendant haves a right of allocution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attach records: Between my original sentence and when the resentencing took place. My whole sentencing structure was changed from the begining to the end, All three charges risen from a single act, and merger was used with a concurrent sentence, No fine's, only the crime victim's compensation, and also I was given 1yrs and 138 days credit time serve. On resentencing, I was resentenced to the merger charge that was the same exact act or same exact conduct; plus changed my concurrent sentence to a consecutive and give me fine's on each charge without a hearing, plus took away my credit's time serve.

(b) If you did not exhaust your state remedies on Ground One, explain why:  Everytime, I spoke to my attorneys about beginning up new issues dealing with my case, they would say, that stage, level or period of time had been past; through out all my hearing, they would say, just sit there listen and be quiet, you don't want to make the judge mad.

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I tried to wait to begin all my issues/grounds together at one time, and to exhaust my state remedies too, but thats not going happen because Superior Court and Supreme Court was battling over legal questions about my grounds; through all of this, I'm not sure when the statute of limitations, stops, or begin on resentencing, PCRA petitions, appeals and courts battle each other. See all the attach opinions from Superior and Supreme Courts.

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __None__

GROUND TWO: __Whether or not the application of a mandatory sentence, after a successful appeal that disrupts the overall sentencing scheme, should be per se vindictive, under both the federal and Pennsylvania Constitutions.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attach, from the Superior Court, Docket No: 1380 WDA 2018, Page 8, foot note, 3 We are constrained to reach this conclusion, based upon the clear holding in Robinson. However, we are trouble that this case appears to be a blatant example of prosecutorial vindictiveness.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction; did you raise this issue?    ☒ Yes    ☐ No

(2) If you did __not__ raise this issue in your direct appeal, explain why: _____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __PCRA PETITION__

Name and location of the court where the motion or petition was filed: __Bedford County Courthouse 200 S. Juliana Street, Bedford, Pa 15522__

Docket or case number (if you know): __CP-05-CR-0000242-2007__

AO 241 (Rev. 09/17)

Date of the court's decision:      May 8, 2014

Result (attach a copy of the court's opinion or order, if available):      See attach

(3) Did you receive a hearing on your motion or petition?          ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:      In the Superior Court of

Pennsylvania Western District Docket No: 1380 WDA 2018

Docket or case number (if you know):      Docket No: 1380 WDA 1380

Date of the court's decision:      June 25, 2020

Result (attach a copy of the court's opinion or order, if available):      See attach

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two:    In the Supreme Court of Pennsylvania

Western District Docket No: 23 WAP 2021, We granted Prinkey's petition

allowance of appeal June 30, 2022, Decided. we reverse the order of the

Superior Court affirming the PCRA court's dismissal of Prinkey's timely PCRA
                                                                                    Petition.
GROUND THREE: Whether or not it is a violation of the Double Jeopardy provision of the

Pennsylvania Constitution for the Commonwealth to impose a mandatory sentence, on a remand, after a partially

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):    successful appeal.

In April 2008, Prinkey proceeded to a jury trial, the only act was proven to the jury, he put his

hand on her should to all three charges risen from a single act. At the sentencing September 2, 2008

this is why merger was used and a concurrent running together. The records will show all of this.

The records will support all my facts.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post-sentence motion

Name and location of the court where the motion or petition was filed:    Bedford County Courthouse

200 S. Juliana Street, Bedford, Pa 15522

Docket or case number (if you know):   CP-05-CR-0000242-2007

Date of the court's decision:    May 8, 2014

Result (attach a copy of the court's opinion or order, if available):    See attach

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    In the Superior Court of

Pennsylvania Western District

Docket or case number (if you know):    Docket NO: 1380 WDA 2018

Date of the court's decision:    June 25, 2020

Result (attach a copy of the court's opinion or order, if available):    See attach

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: In the Supreme Court of Pennsylvania

Western District Docket No: 23 WAP 2021, We granted Prinkey's petition

allowance of appeal June 30, 2022.

GROUND FOUR: Whether or not Prinkey's registration requirements under Megan's Law must revert to the

requirements of Megan's Law II, which was in effect when he was originally sentenced and convicted.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See, Resentencing Transcripts; On remand from the Superior Court, gave the lower court instructures,

should "start afresh", the petitioner wasn't given a opportunity to speak, to preserve issues/grounds

for appeal, like where is my new assessments?, where is my new pre-sentence report?, and the petitioner

wanted to insert "Merger" issue, is very important part of his case. See the Supreme Courts opinion

June 30, 2022. See page 18, at (3) see generally 42 Pa.C.S. § 9792 (defining, inter alia, sexually

violent predator for purposes of the sexual offender registration and reporting scheme that was in

effect in 2008, the year of Prinkey's designation as an SVP)(expired Dec. 20, 2012, pursuant to

42 Pa.C.S. § 9799.41).

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA petition and/or Post-sentence motion.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:   Bedford County Courthouse

200 S. Juliana Street, Bedford, Pa 15522

Docket or case number (if you know):   CP-05-CR-0000242-2007

Date of the court's decision:   August 28, 2018

Result (attach a copy of the court's opinion or order, if available):   See attach

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   In the Superior Court of

Pennsylvania Western District

Docket or case number (if you know):   1380 WDA 2018

Date of the court's decision:   June 25, 2020

Result (attach a copy of the court's opinion or order, if available):   See attach

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: No February 3, 2016, the Supreme
Court, denied Prinkey's petition for allowance of appeal.

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    _____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

(1) On remand fpr resentencing, the petitioner wasn't given the

opportunity to speak to the court before sentencing, the right of

allocution. (2) Merger charge was the same exact act or same exact conduct.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.    _____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.  Bedford County Courthouse,200 S.Juliana St.,Bedford, Pa 15522

CP-05-CR-0000242-2007. Another PCRA petition. Under statute 42 Pa.C.S. §

9542, illegal sentence; (2) Under statute 42 Pa.C.S. § 9543 (a)(2)(vii) "the

imposition of a sentence (was) greater than lawful maximum". (3) Under statute

42 Pa.C.S. § 9765 Merger is a non-waivable challenge to the legality of the

sentence, and (4) Bedford County failed to "start afresh" on resentencing.

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Thomas A. Crawford & Barbara L. Weiss, 1306 Penn Avenue, Pittsburgh, Pa 15221

(b) At arraignment and plea:   Same Attorneys above

(c) At trial:   Same Attorneys above

(d) At sentencing:   Same Attorneys above

(e) On appeal:   Same Attorneys above

(f) In any post-conviction proceeding:   Mark S. Zearfaus, P.O. Box 584, Altoona, Pa 16603

(g) On appeal from any ruling against you in a post-conviction proceeding:   Jason M. Imler; Joel C. Seelye; Benjamin P. Kahn,320 Frankstown Rd, Altoona,Pa 16602.

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: If the petitioner must file a memorandum petition, application, or motion, I request the Court to appoint counsel, Federal Public Defender, Lisa B. Freeland, Pittsburgh, Pa 15222. And I request or any other relief to which petitioner may be entitled.    speeded release.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 8|25|2023 (month, date, year).

Executed (signed) on 8|25|2023 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____